**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTELLIGENT MEDICAL OBJECTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| BABY PENGUIN LLC | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

## COMPLAINT

Plaintiff, Intelligent Medical Objects, Inc. ("IMO"), by its attorneys, brings this

Complaint against Defendant Baby Penguin LLC ("Defendant" or "Baby Penguin"), for

injunctive relief, damages, and attorney's fees. Plaintiff alleges as follows:

## NATURE OF ACTION

IMO brings this action to protect one of its most valuable assets, namely, the goodwill

and consumer recognition associated with its IMO trademark, which IMO has used since 1997.

Without IMO's authorization or consent, Baby Penguin has used the name and mark IMO in

connection with confusingly similar goods and services, creating actual confusion in the

marketplace, whereby members of the public are likely to believe incorrectly that Baby

Penguin's goods and services are authorized by, sponsored by or affiliated with IMO and its

IMO trademark.

## PARTIES

1.      Plaintiff IMO is a Delaware corporation with its principal place of business at 60

Revere Drive, Suite 400, Northbrook, Illinois 60062.

1

2.      Defendant Baby Penguin is a Delaware limited liability corporation located at 555 Bryant Street #819, Palo Alto, California.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), unfair competition and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), cancellation of a federally registered trademark under Section 37 of the Lanham Act (15 U.S.C. § 1119), cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), and trademark infringement and unfair competition under Illinois common law.

4.      This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

5.      Venue is proper pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

6.      Founded in 1994, IMO specializes in developing, managing and licensing medical vocabularies for medical record systems.  IMO's clinical interface terminology helps map diagnostic terminologies to medical concepts and billing codes.  IMO's medical vocabularies are regularly updated to maintain current mappings to standardized vocabularies and codes.  IMO's product suite provides one of the most complete sets of mappings of medical vocabularies in the world.  As a result, IMO's products have been licensed by and incorporated into many of the leading medical record systems in the United States.

7.      Since at least as early as December 31, 1997, long prior to the acts of Defendant

complained of herein, IMO has engaged in offering computer software for use in the healthcare industry and related computer software design services nationwide under the IMO name and trademark (the "IMO Marks").

8.     IMO owns the following valid and subsisting trademark registrations on the Principal Register of the United States Patent and Trademark Office ("PTO"), which provide constructive notice of IMO's ownership thereof, 15 U.S.C. § 1072, and which IMO uses throughout the United States in connection with healthcare software and services:

| MARK | REG. NO. | REG. DATE | GOODS AND SERVICES |
| --- | --- | --- | --- |
| IMO | 2453920 | May 22, 2001 | IC 09: computer software for managing medical treatment for patients and in maintaining medical records; and interactive electronic publications, namely, electronically-enhanced text books featuring information on disease and medical education recorded on CD-ROMs<br><br>IC 42: computer consulting and software design services in the fields of medical education, medical treatment and medical record management |
| IMO  | 4310653 | March 26, 2013 | IC 09: computer servers |
| IMO  | 4310654 | March 26, 2013 | IC 09: computer servers |

3

| MARK | REG. NO. | REG. DATE | GOODS AND SERVICES |
|---|---|---|---|
| IMO ANYWHERE | 4593802 | March 11, 2014 | IC 09: computer hardware and software for use in maintaining electronic medical records and managing medical treatment for patients<br><br>IC 42: computer consulting and software design services in the fields of medical education, medical treatment and medical record management |

9. Registration No. 2,453,920 is incontestable in accordance with 15 U.S.C. § 1065, and is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce" in accordance with 15 U.S.C. § 1115(b).

10. IMO also uses many common law IMO Marks, including IMO Vocabulary Portal, IMO Problem IT, IMO Terminology, IMO Medical Necessity, IMO Procedure IT, IMO PlugITIn, and IMO Medication IT.

11. IMO registered the <e-imo.com> domain name on March 21, 2000, long prior to Defendant's use of "IMO" trademarks and Defendant's domain names discussed below.  Since that time, IMO has registered dozens of domain names incorporating its IMO Marks.

12. IMO has sold millions of dollars worth of software and services, and has spent substantial sums in advertising its products and services under the IMO Mark.

13. As a result of such extensive sales and advertising, the IMO Mark has become well and favorably known in the United States, and represents valuable goodwill owned by IMO.

14. The IMO products and services facilitate the transmission of data from medical professionals through medical records systems and clinical billing systems.  The exchange of data and information via the Internet is critical to IMO's products and services.

15. IMO provides online and telephone service desk support for users of its products

and services through internal and outside service provides at substantial expense to IMO.

Defendant's Infringing Activities

16.     Baby Penguin offers computer application products and services for the transmission of data and information via the Internet under the "IMO" and "IMO.IM" names and marks (the "Infringing Marks").

17.     On or about June 15, 2018, Baby Penguin acquired trademark rights and related trademark registrations for the mark IMO from PageBites, Inc. ("PageBites").  The IMO registrations acquired by Baby Penguin from PageBites are set forth in Exhibit A hereto ("Defendant's Registrations").

18.     The use and registration of IMO by Baby Penguin and PageBites is long subsequent to IMO's first use and registration of its IMO trademark.

19.     Recently, Baby Penguin has dramatically expanded the nature and extent of its use of IMO for computer software and services, providing and selling its IMO software application throughout the United States and abroad.

20.     Defendant operates websites at the domain names <imo.im> and <imoapp.com> ("the Infringing Domain Names"), where it advertises its IMO software application.

21.     Defendant fails to provide telephone contact information for service desk support for its software application on its websites or otherwise, and fails to provide its customers with any other adequate means to obtain support.

22.     Defendant's IMO trademark is identical and confusingly similar to the IMO's IMO trademark and are used in connection with similar goods and services in a manner that is likely to cause and has caused confusion, mistake or deception as to the source, sponsorship, affiliation or endorsement with IMO and its IMO trademarks, including but not limited to

confusion as to IMO service desk support.

23.     Recently, and as a result of Baby Penguin's expanded use of the IMO trademark

and domain names, Plaintiff IMO's service desk has received and continues to receive large

numbers of service requests and complaints relating to Baby Penguin's IMO software

application.  Handling the dramatic increase in volume of service requests resulting from Baby

Penguin's use of IMO, and its failure to provide adequate service desk support for its own

customers, has caused IMO to incur substantial added cost for maintaining service desk support

for its customers.

24.     IMO has asked Baby Penguin to adopt adequate measures to avoid confusion

between their respective uses of IMO, but Baby Penguin has refused.

25.     Defendants' activities are without the consent of IMO.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

26.     IMO realleges and incorporates herein by reference the allegations set forth in

Paragraphs 1 through 25.

27.     Defendant had constructive knowledge and actual knowledge of IMO's

ownership of rights in its federally registered IMO Marks prior to its unauthorized use of the

Infringing Marks, which are confusingly similar to IMO's Marks pursuant to 15 U.S.C. § 1072.

28.     IMO has not consented or authorized Defendant's use of the Infringing Marks.

29.     Defendant's use of the Infringing Marks is likely to cause confusion, mistake or

deception as to the affiliation, connection or association of Defendants with IMO in violation of

15 U.S.C. §§ 1114 and 1125.

30.     Defendant's use of the IMO Marks constitutes infringement of a registered

6

trademark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)).

31.     The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

32.     As a result of Defendant's aforesaid conduct, IMO has suffered substantial damage and irreparable harm constituting an injury for which IMO has no adequate remedy at law.  IMO will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**COUNT II**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

33.     IMO realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 32.

34.     Defendant has deliberately and willfully used the IMO Marks in a manner that causes consumer confusion as to the origin and sponsorship of Defendant's goods and services.

35.     Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive IMO of the ability to control the consumer perception of its goods and services marketed under its IMO Marks, placing the valuable reputation and goodwill of IMO in the hands of Defendant, over whom IMO has no control.

36.     Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with IMO, and as to the origin, sponsorship or approval of Defendant and its goods and services, and constitutes unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

37.     The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

38.     As a result of Defendant's aforesaid conduct, IMO has suffered substantial

damage and irreparable harm constituting an injury for which IMO has no adequate remedy at

law.  IMO will continue to suffer irreparable harm unless this Court enjoins Defendant's

conduct.

## COUNT III
### CANCELLATION OF TRADEMARK REGISTRATIONS
### (15 U.S.C. § 1119)

39.     IMO realleges and incorporates herein by reference the allegations set forth in

Paragraphs 1 through 38.

40.     Defendant's Registrations consists of a mark which so resembles a mark

registered or used by IMO as to be likely, when used on or in connection with Defendants' goods

or services, to cause confusion, mistake, or deception.

41.     The continued existence of Defendant's Registrations is damaging or will damage

IMO.

42.     Defendant's Registrations have caused IMO irreparable injury and will continue

to do so unless this Court orders cancellation of that registration.

## COUNT IV
### CYBERSQUATTING
### (15 U.S.C. § 1125(d))

43.     IMO realleges and incorporates herein by reference the allegations set forth in

Paragraphs 1 through 42.

44.     IMO's IMO Marks were well-known and distinctive before Defendants'

registration of the Infringing Domain Names.

45.     Defendants have used the Infringing Domain Names with a bad faith intent to

profit from the IMO mark, pursuant to 15 U.S.C. § 1125(d).

46.     Defendant has registered, trafficked in and used the Infringing Domain Names, which are confusingly similar to and/or dilutive of the IMO Marks.

47.     Defendant's use of the Infringing Domain Names is likely to cause confusion among consumers by diverting Internet traffic to the Infringing Domain Names.

48.     Defendant's actions justify an award of statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

## COUNT V
## TRADEMARK INFRINGEMENT
### (Violation of Illinois Common Law)

49.     IMO re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 48.

50.     Defendant had constructive knowledge and actual knowledge of IMO's ownership of rights in its federally registered IMO Marks prior to its unauthorized use of the Infringing Marks, which are confusingly similar to IMO's Marks.

51.     IMO has not consented or authorized Defendant's use of the Infringing Marks.

52.     Defendants' use of the Infringing Marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with IMO in constitute trademark infringement in violation of the laws of various states, including Illinois Common Law.

53.     As a result of Defendant's aforesaid conduct, IMO has suffered substantial damage and irreparable harm constituting an injury for which IMO has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, IMO will continue to suffer irreparable harm.

## COUNT VI
### UNFAIR COMPETITION
**(Violation of Illinois Common Law)**

54.     IMO re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 53.

55.     Defendant has deliberately and willfully used the IMO Marks in a matter that causes consumer confusion as to the origin and sponsorship of Defendant's goods and services.

56.     Defendants unauthorized and tortious conduct has also deprived and will continue to deprive IMO of the ability to control the consumer perception of its goods marketed under it IMO Marks, placing the valuable reputation and goodwill of IMO in the hands of Defendants, over whom IMO has no control.

57.     Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with IMO, and as to the origin, sponsorship or approval of Defendants and its goods and services, and constitutes unfair competition and false designation of origin in violation of Illinois Common Law.

## PRAYER FOR RELIEF

WHEREFORE, IMO requests that the Court enter judgment for the following relief:

1.     Enjoining and restraining Defendant, its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from:

> (a) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the term "IMO" or any other term confusingly similar to IMO's IMO Marks; or

(b) doing any other act or thing that is likely to cause confusion, mistake or

deception among consumers or others as to the relationship of Defendants and

its goods and services with IMO and its goods and services;

2. Ordering Defendants to account to IMO for any and all profits derived from

Defendant's unauthorized and infringing use of the mark "IMO" and related marks, the

Infringing Domain Names, or any other form or variation of IMO's IMO Marks;

3. Ordering the transfer of Defendant's IMO domain names as provided in 15 U.S.C.

§ 1125(d)(1)(C);

4. Issuing a certified Order to the Director of the U.S. Patent and Trademark Office,

pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon

the records of the Patent and Trademark Office a cancellation of Defendant's Registrations.

5. Awarding IMO a money judgment for Defendant's profits and IMO's damages

pursuant to 15 U.S.C. § 1117;

6. Ordering Defendants to pay statutory damages in the amount of $100,000.00 per

Infringing Domain Name, pursuant to 15 U.S.C. § 1117(d);

7. Treble the award to IMO under 15 U.S.C. § 1117 on account of Defendant's

willful, intentional and bad faith conduct;

8. Awarding IMO its reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1117 in view of Defendant's willful, intentional and bad faith conduct, and as otherwise provided

by law;

9. Awarding IMO pre-judgment and post-judgment interest; and

10. Awarding IMO such other and further relief as the Court may deem just and

proper.

**DATED**: February 20, 2019        Respectfully submitted,

        **INTELLIGENT MEDICAL OBJECTS, INC.**

        By  /s/Mark V.B. Partridge_____
           **PARTRIDGE PARTNERS PC**
           Mark V.B. Partridge
           Daniel L. Rogna
           321 North Clark Street, Suite 720
           Chicago, Illinois 60654
           Tel: (312) 634-9500
           Fax: (312) 275-7503

        *Attorneys for the Plaintiff*
        *Intelligent Medical Objects, Inc.*